FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -3  AM 11: 40

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-43 |
| AIESHA SIMON | SECTION R |

### ORDER AND REASONS

Before the Court are several motions filed by the defendant, Aiesha Simon.  First, defendant moves for a certificate of appealability concerning the Court's May 13, 2005 order denying her motion for post-conviction relief under 28 U.S.C. § 2255. Second, defendant moves for an order deferring her restitution obligations until she is released from imprisonment.  Third, defendant moves for an order reducing her sentence.  For the following reasons, the Court DENIES each of defendant's motions.

I.   **BACKGROUND**

On April 14, 2004, defendant pleaded guilty to one count of

___ Fee _____
___ Process _____
 X  Dktd _____
 √  CtRmDep _____
 √  Doc. No. _____

access device fraud.  See 18 U.S.C. 1029.  In her plea agreement with the government, defendant expressly waived her right to attack her sentence on direct appeal or on a motion for post-conviction relief under 28 U.S.C. § 2255.  On August 18, 2004, the Court sentenced defendant to 33 months imprisonment and ordered defendant to pay restitution to her victims in the amount of $145,599.46.  Defendant then moved to amend her sentence to include boot camp.  On November 23, 2004, the Court recommended that the Bureau of Prisons consider defendant for boot camp.  The Court explained that it did not have the authority to impose boot camp as part of defendant's sentence and stated that the Bureau of Prisons retained the final authority to determine whether to accept defendant as a candidate for boot camp.

On January 24, 2005, defendant sent a letter to the Court requesting modification of her sentence.  The Court informed her that it would construe her letter as an application for post-conviction relief under 28 U.S.C. § 2255, and the Court allowed her time to add additional claims to her petition.  On March 8, 2005, defendant submitted a completed petition for post-conviction relief.  In it, defendant sought relief on several grounds.  First, defendant requested that the court defer her restitution obligations until she is released from custody.  Second, defendant argued that she was entitled to have a jury find the facts that affected her sentence beyond a reasonable

2

doubt. Third, defendant asked the Court to appoint counsel to assist her with her petition. Fourth, defendant moved to reduce her sentence of 33 months imprisonment to six months imprisonment, six months in a halfway house, and the remainder on home confinement. On April 29, 2005, defendant submitted a letter to the Court in support of her application for post-conviction relief. She argued, *inter alia*, that her lawyer did not explain that the presentence investigation report would affect her sentencing range and did not encourage her to review it.

By order dated May 13, 2005, the Court denied defendant's motion on the ground that defendant had expressly waived the right to challenge her sentence in her plea agreement with the government. In that order, the Court stated that it had previously found, based on defendant's own testimony, that she had knowingly and voluntarily waived her right to appeal her sentence. Although the Court recognized that a waiver of the right to appeal a sentence does not bar claims directed at establishing that waiver was not knowingly and voluntarily made, it found that defendant's claims were barred because the claims did not attack the validity of the waiver itself. The Court also noted that it retained discretion to modify defendant's restitution obligations in the event of a material change in

3

defendant's financial status, but it declined to alter defendant's obligations because she had not notified the Court of any such change.

## II. DISCUSSION

### A. Certificate of Appealability

Defendant moves for a certificate of appealability on five grounds: (i) whether she knowingly and voluntarily waived her right to appeal her sentence; (ii) whether her counsel's failure to request a hearing to determine whether she was financially able to make full restitution denied her effective assistance of counsel; (iii) whether counsel's failure to object to the offense level as calculated in the presentence investigation report denied her the effective assistance of counsel; (iv) whether counsel's failure to review the presentence investigation report with her denied her the effective assistance of counsel; and (v) whether counsel's failure to move for a downward departure denied her the effective assistance of counsel.

The Court cannot issue a certificate of appealability in this case because defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

4

should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003).

Defendant has not made a sufficient showing that she was denied a constitutional right.  First, defendant's argument that she did not knowingly and voluntarily waive her right to appeal her sentence was raised for the first time in her request for a certificate of appealability.  The Court will not grant defendant permission to pursue on appeal arguments that she presents for the first time in an application for a certificate of appealability.  See Lowe v. Frank, No. 03-C-0266-C, 2004 WL 635704, at *3 (W.D. Wis. Mar. 9, 2004); Mitchell v. Ward, No. Civ-97-283-T, 1999 WL 33316065, at *1 n.3 (W.D. Okla. Oct. 12, 1999); United States v. Tiedemann, 993 F. Supp. 310, 320 (E.D. Pa. 1998).

Each of defendant's other arguments also fails.  Even assuming that those arguments are properly raised, they are barred by defendant's waiver of her right to appeal.  See, e.g., U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); United States v. Bochas, 131 Fed. Appx. 968, 970 (5th Cir. 2005) (defendant's claim based on United States v. Booker barred by appeal waiver);

5

*Vaca-Ortiz v. United States*, 320 F. Supp. 2d 1362, 1363-66 (N.D. Ga. 2004) (ineffective assistance claim based on counsel's failure to discuss presentence investigation report with defendant and failure to move for downward departure barred by appeal waiver). Accordingly, defendant's motion for a certificate of appealability is denied.

### B.  Motion to Reduce Sentence

Defendant separately moves to reduce her sentence under 18 U.S.C. § 3582, which permits a court to modify a term of imprisonment previously imposed under certain circumstances, to substitute time in a halfway house and on home confinement for a portion of her term of imprisonment. As relevant here, section 3582 allows a court to reduce a sentence (i) if, upon motion of the Bureau of Prisons, the court finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A); or (ii) if modification of the sentence is expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *Id.* § 3582(c)(1)(B).

Section 3582 does not permit the Court to modify defendant's sentence in this case. First, defendant cannot seek a reduction of sentence under section 3582(c)(1)(A), as a reduction under that section is permitted only upon motion of the Bureau of Prisons, and the Bureau of Prisons has made no such motion here. Second, Rule 35, which permits a court to correct a sentence

within seven days of sentencing or to reduce a sentence for a defendant's substantial assistance to the government, is inapplicable here on its face. Finally, defendant has not directed the Court to any other statutory provision that would permit the Court to reduce her sentence.

To the extent defendant's motion can be construed as a constitutional challenge to her sentence, her motion also fails. As discussed above, defendant expressly waived her right to challenge her sentence. Defendant's motion to reduce her sentence is therefore denied.

### C. Motion to Defer Restitution

Finally, defendant moves to defer the payment of her restitution obligations until after her release from custody. When defendant was sentenced, the Court ordered defendant to begin paying restitution while she was incarcerated, and to pay any balance remaining upon her release at a rate of $100 per month. On December 15, 2004, defendant signed a contract to participate in the Bureau of Prisons' Inmate Financial Responsibility Program (the "IFRP"). Under the IFRP, defendant agreed to pay restitution at a rate of $25 per month while incarcerated.

As stated in the Court's May 13, 2005 order, the Court retains discretion to modify defendant's restitution obligations if there is a material change in defendant's economic

circumstances. See 18 U.S.C. § 3664. Defendant has still not, however, provided the Court with information showing a change in her economic circumstances sufficient to warrant a finding that she cannot pay restitution during her term of imprisonment. The Court therefore will not modify defendant's restitution obligations at this time.

Defendant also, however, challenges the propriety of the Court's order on restitution. She argues that the Court improperly delegated the task of imposing a schedule for the payment of restitution during defendant's incarceration to the Bureau of Prisons.

A restitution order imposed at sentencing is a part of the defendant's sentence, see, e.g., id. § 3363A (when sentencing a defendant, "the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense"), and a defendant's waiver of the right to challenge her sentence can also waive the right to challenge the restitution order. See United States v. Montgomery, 78 Fed. Appx. 709, 710 (10th Cir. 2003) (waiver of right to challenge sentence in plea agreement barred challenge to restitution order); United States v. Kiefer, No. Crim. A. 96-279, 1998 WL 388592, at *1-2 & n.1 (E.D. La. July 9, 1998) (same).

As the Court has previously found, defendant knowingly and voluntarily waived her right to appeal her sentence on any ground

unless the sentence was in excess of the statutory maximum or was an upward departure from the applicable guideline range. That appeal waiver was sufficiently broad and unambiguous to also bar a challenge to the Court's restitution order. Accordingly, the Court finds that defendant waived her right to challenge the Court's restitution order, and it will not consider the merits of her claim.

### III. CONCLUSION

For the reasons stated above, the Court defendant's motion for a certificate of appealability, defendant's motion to reduce her sentence, and defendant's motion to defer the payment of restitution are DENIED.

Baton Rouge, Louisiana, this 29th day of September, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE